His Honor, FRED D. KING,
Judge of Division “B,” Ovil District' Court, Parish of Orleans, acting for his Honor,. Emile Godchaux, recused, rendered the opinion and decree of the Court, as follows:
This is an appeal taken by. plaintiff, Edgar Block, from a verdict and judgment rejecting his demand against the Liquidators of the Henry Block Company, Limited, on a claim for .alleged extra salary, and maintaining defend *79 ant’s demand in reeonvention for monies advanced to him by said company.
Plaintiff claims that prior to January 1st, 1912, he had been employed by said company, a corporation of this city, as salesman at .a salary of thirty dollars per week; that on January 1st, 1912, his salary was raised to fifty dollars per week; the Henry' Block Company, Limited, was dissolved in August, 1914, and that plaintiff severed his connection with the company on August 31st, 19li. That at that time there was due him for salary $1,864.47, on which he is entitled to a privilege for the year past, and so much as is due him for the current year, and that therefore he is entitled to a privilege on the balance of salary due him at $50 per week for eighty-seven weeks or $1,440.00, and that he is an ordinary creditor for the remainder, $124.47-
The Liquidators of the Henry Block Company, Limited, claim that the plaintiff had overdrawn his .account, as appears from the books of the company in the sum of $915.53, for which they pray judgment in reconvention.
The case was heard by a jury, which rendered a verdict in favor" of defendants and reconvenors, and judgment was accordingly rendered in accordance with said verdict.
In the pleadings and the charge given by the judge to the jury the issues submitted to the jury were whether plaintiff had ■ established as a fact that a. contract for fifty dollars a week from January 1st, 1912, was ever entered into.
The record discloses that the alleged contract claim was an oral contract made between plaintiff and his father and his mother; they appeared before the jury to substantiate the contract, and the jury decided as a matter of fact that no such contract had been entered into.
*80 Opinion and decree, February 14th, 1916.
The appeal presents .a question as to the credibility of •the witnesses, and upon this question the jury diave passed judgment.
It was for the jury to compare and weigh the evidence and pronounce according to their conscience; they could appreciate better than we can the credibility of witnesses examined before them.
Sheldon vs. N. O. Canal & Banking Co., 6 R., 360.
On questions of fact involving the credibility • of witnesses the verdict of a jury will not be disturbed unless manifestly erroneous-
Monet vs. N. O. R. Co., 112 La., 363; Martinez vs. Fabacher, 118 La., 654.
In questions of fact, the verdict of a jury is entitled to great weight and will not be disturbed unless manifestly erroneous.
Golding vs. Str. “American,” 20th An., 455; Golding vs. Str. “Castro,” 20th An., 455; Fisher vs. Hyland, 21st An., 31; Orleans Nav. Co. vs. Willard, 6 La., 485; Succession of Gabisso, 122 La., 624; Webster vs. Howcott, 122 La., 365.
We cannot say from the evidence in the record that the verdict of the jury was manifestly erroneous.
The judgment-of the lower Court is affirmed.
Godchaux, J-, recused.
St. Paul, J., dissents.